FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0312

# SYNOPSIS OF THE CASE.[1]

**2024 MT 319, DA 23-0312:  T.M.B., by and through DARCY SAUNDERS, CAPITAL CITY CASE MANAGEMENT, Guardian and Conservator,** Plaintiff and Appellant, **v. WEST MONT and STATE OF MONTANA,** Defendants and Appellees

T.M.B., a 60-year-old woman with disabilities, was abandoned by her family and resided at the Montana Developmental Center (MDC) for many years.  In 2015, the Legislature closed MDC and created the Developmental Disabilities Program (DDP) to establish community-based support services for disabled persons provided by qualified nonprofit entities.  West Mont was an independent contractor and qualified provider under the program, providing residential services to T.M.B.  In July 2019, T.M.B. was raped by West Mont's employee while in her room.  T.M.B. sued the State and West Mont, alleging both owed her a nondelegable duty of care under Restatement (Second) of Agency § 214.  The District Court granted the State summary judgment, reasoning the State had satisfied its statutory obligation to create the DDP and oversee West Mont's licensures.  The District Court also granted summary judgment to West Mont, concluding West Mont had not negligently hired or supervised its employee, and that no statute mandated unequivocal protection of group home residents.  T.M.B. appealed both orders.

In a 4-3 decision, the Supreme Court affirmed the District Court's decision as to the State.  The Court held the State did not owe a nondelegable duty to T.M.B. because she was not committed to the State's custody or care and placed at West Mont by the State, in contrast with the Plaintiff in *Paull v. Park County*, 2009 MT 321, 352 Mont. 465, 218 P.3d 1198, the case which adopted § 214.  Rather, T.M.B. resided at West Mont based on a voluntary placement by her guardian, and the State had no relationship with or control over West Mont's employee.  However, the Court unanimously reversed the District Court's ruling regarding West Mont, reasoning that, by virtue of T.M.B.'s disabilities and the nonprofit's ongoing awareness of T.M.B.'s 24-hour a day dependency on its staff for care, West Mont had assumed a nondelegable duty to provide protection to T.M.B.  Pursuant to its adoption of § 214, the Court noted that principals may be held liable for tortious acts or omissions of their agents, regardless of whether those acts are committed within the scope of employment, where the relationship to a third party is close and continuing such that the principal assumes a duty to provide protection to such third party.  The case was remanded to determine whether West Mont had breached this duty.

Three justices who concurred with the Court's opinion as to the assumption of a nondelegable duty by West Mont nonetheless dissented from the Court's decision regarding the State, reasoning that a nondelegable duty should also apply to the State which, through statutes and rules, had committed itself to the care and protection of disabled citizens.  The dissent further argued that T.M.B. was a de facto ward of the State because the State originally placed her at West Mont on an emergency basis and, through the Department of Health and Human Services, participated as part of T.M.B.'s support team throughout her residence at West Mont, establishing a close and continuous relationship.

---

[1] This synopsis has been prepared for the convenience of the reader.  It constitutes no part of the Opinion of the Court and may not be cited as precedent.